IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRY R. NEAL,

      Plaintiff,

v.

REED RICHARDSON, MARIO CANZIANI,
CHERYL WEBSTER, CAPTAIN
CHALLONER, OFFICER HEINRICH,
DARCY GRABER,
LIEUTENANT K. JOHNSON, HILLARY
BROWN and SERGEANT EWER,

      Defendants.

OPINION and ORDER

Case No. 16-cv-627-wmc

---

In this proposed civil action, *pro se* plaintiff Perry R. Neal contends that his rights were violated by prison staff at the Stanley Correctional Institution. Because Neal is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, the court concludes that Neal has failed to state any claim upon which relief may be granted. Accordingly, his complaint will be dismissed.

ALLEGATIONS OF FACT[1]

On June 11, 2015, plaintiff Perry Neal was issued a conduct report for washing his personal clothing in the institution washing machines while working as a laundry worker. The conduct report states that Neal had not signed up in advance to wash his clothes that day as required, and he did not have a laundry card giving him permission to do so. The conduct report charged Neal with violating two prison rules: "disobeying orders" and "inadequate work or school performance." Neal was found guilty of both charges

---

[1] Courts must read allegations in *pro se* complaints generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in Neal's complaint.

and punished with five days loss of day room privileges. He was also terminated from his job as a laundry worker. Neal appealed that decision, but it was affirmed.

On June 29, 2015, Neal spoke to Warden Reed Richardson about this same conduct report. Neal told Richardson that he believed the conduct report had "procedural errors" and did not support a finding that he had "inadequate work or school performance." According to Neal, Richardson agreed and ordered that the conduct report be dismissed and rewritten.

On July 23, 2015, a second conduct report was issued, but it was exactly the same as the first report. This time, Neal was found guilty of "disobeying orders," than of the charge for "inadequate work or school performance," but his job was still not reinstated in. Neal proceeded to appeal that decision as well, arguing that it had been "double jeopardy" to retry him for the same conduct. Again, his appeal was dismissed.

Neal later filed inmate complaints about the entire situation, arguing that both of the conduct reports and all of his discipline should be expunged and that he should be reinstated as a laundry worker. Those inmate complaints and subsequent appeals were all dismissed or rejected.

OPINION

Plaintiff seeks to bring claims under the U.S. Constitution and state law against several prison staff members who were involved in either issuing and affirming the conduct reports against him, terminating him from his prison job, or reviewing his inmate complaints. Unfortunately for plaintiff, his allegations do not implicate any federal claim upon which this court may grant relief.

2

## I. Double Jeopardy

Plaintiff Neal's claim to double jeopardy is frivolous on its face. In essence, he argues that defendants violated the double jeopardy clause of the Fifth Amendment by issuing two identical conduct reports and thereby trying him twice for the same conduct. However, because the double jeopardy clause limits only multiple *criminal* prosecutions; it does not apply to prison disciplinary proceedings. *See Garrity v. Fiedler,* 41 F.3d 1150, 1151-52 (7th Cir.1994). Accordingly, this claim must be dismissed for failure to state a claim upon which relief may be granted.

## II. Plaintiff's Reliance on Administrative Regulations

Next, plaintiff cites various provisions of the Wisconsin Administrative Code as a basis for relief against defendants. As an initial matter, prison rules and regulations do not provide a right of action unless the Legislature has granted it. *Vasquez v. Raemisch*, 480 F. Supp. 2d 1120, 1129 (W.D. Wis. 2007) (citing *Kranzush v. Badger State Mutual Insurance Co.*, 103 Wis.2d 56, 74–79, 307 N.W.2d 256, 266–68 (1981)). Not only is the court not aware of any state statute that grants such a right in this case, but this court would lack subject matter jurisdiction to hear such an action in federal court. As a result, if plaintiff believes that defendants violated state regulations during his disciplinary proceedings or in handling his grievances, his remedy is a writ of certiorari filed in state court. *See Outagamie County v. Smith,* 38 Wis. 2d 24, 34, 155 N.W.2d 639, 645 (1968) (with respect to laws that are not made enforceable by statute expressly, action is reviewable only by certiorari).

## III. Mishandling Grievances

Finally, plaintiff alleges throughout his complaint that numerous prison officials mishandled his grievances and appeals by refusing to consider them for procedural reasons or to conduct investigations, as well as erroneously denying them on the merits. These allegations do not state a claim upon which relief may be granted. The Constitution does not require prisons to enact grievance procedures or to handle grievances in a particular way. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[T]he inadequacies of the grievance procedure itself . . . cannot form the basis for a constitutional claim."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). If a prison official's misconduct prevents a prisoner from completing the grievance process, then the prisoner may be excused from the requirement in 42 U.S.C. § 1997e(a) to exhaust his administrative remedies, *Kervin*, 787 F.3d at 835, but the misconduct itself does not provide the basis for a claim for relief in federal court.

## ORDER

IT IS ORDERED that:

1. Plaintiff Perry R. Neal's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

4

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g). (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals in forma pauperis unless he is in imminent danger of serious physical injury).

Entered this 15th day of June, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge