IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRY R. NEAL,

    Plaintiff,

v.

REED RICHARDSON, MARIO CANZIANI,
CHERYL WEBSTER, CAPTAIN
CHALLONER, OFFICER HEINRICH,
DARCY GRABER,
LIEUTENANT K. JOHNSON, HILLARY
BROWN and SERGEANT EWER,

    Defendants.

OPINION and ORDER

Case No. 16-cv-627-wmc

---

*Pro se* plaintiff Perry Neal filed this lawsuit pursuant to 42 U.S.C. § 1983, seeking leave to proceed on constitutional claims related to an allegedly wrongful conduct report that led to his termination from his prison job. Of relevance here, Neal alleged that defendant Warden Richardson agreed to dismiss a conduct report accusing him of "disobeying orders" and "inadequate work or school performance," but later ordered that Neal be charged in a conduct report for the same conduct, just for "disobeying orders." On June 15, 2018, the court dismissed Neal's complaint for failure to state a claim. (Dkt. #15.) Neal has filed a motion under Fed. R. Civ. P. 59(e) for reconsideration of this court's order dismissing his complaint for failure to state a claim. (Dkt. #17.) For the reasons that follow, the court is denying his motion.

Under Rule 59(e), a court has the opportunity to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A

"manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Neal argues that while the court evaluated the merit of his Double Jeopardy claim, it did not address his proposed Fourteenth Amendment equal protection or due process claims, or his First Amendment retaliation claim that he claims arose from Warden Richardson's decision to issue him re-issue a conduct report. However, he has not pointed to any error of law or fact warranting reconsideration of the judgment in this case.

Starting with his equal protection claim, Neal claims that the court ignored his allegations that Warden Richardson discriminated against him in violation of his equal protection rights, but Neal did not include any allegations in his complaint to support such a claim. To state a prima facie case of discrimination under the equal protection clause of the Fourteenth Amendment, a plaintiff must at least allege that he was: (1) "a member of a protected class"; (2) "otherwise similarly situated to members of the unprotected class"; and (3) "treated differently from members of the unprotected class." *Brown v Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 513

(7th Cir. 1993)). A plaintiff also may bring a "class-of-one" equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). But class-of-one claims are generally disfavored in the prison context, at least where they involve discretionary decision-making by prison officials, like the one at issue here. *See, e.g., Taliaferro v. Hepp*, No. 12-cv-921, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) ("[C]lass-of-one claims are likely never cognizable in the prison disciplinary context . . . ."). Neal has not alleged that he is a member of a protected class, nor that Richardson singled him out for worse treatment than other prisoners with no rational reason. To the contrary, Neal had alleged that Richardson told him that he directed staff to issue him another conduct report because he believed that Neal had, in fact, disobeyed orders. Therefore, his complaint does not support a Fourteenth Amendment equal protection claim.

With respect to Neal's proposed Fourteenth Amendment due process claim, Neal did not explicitly invoke this right in his complaint but now argues that his complaint stated a substantive due process violation. However, in the prison context, disciplinary charges violate a prisoner's substantive due process rights only if the charges are fabricated or the prison officials exercise their disciplinary authority in an *entirely* arbitrary manner. *Leslie v. Doyle*, 125 F.3d 1132, 1136 (7th Cir. 1997) ("Perhaps a useful approach is to say that a frame-up or malicious prosecution is in and of itself an inchoate breach of substantive due process, which matures into a viable claim if the consequences are sufficiently severe."). While Neal alleged that Richardson acted arbitrarily, he also alleged

3

that Richardson believed that he had disobeyed orders when he directed staff to write up a second conduct report. Since Neal alleged facts suggesting that Richardson believed he had a good faith basis to direct that the conduct report be rewritten, Neal has not pointed to any error of law or fact in not granting him leave to proceed on a substantive due process claim.

Finally, as to Neal's First Amendment retaliation claim, the court did not address it because Neal did not invoke this constitutional claim, nor did his allegations suggest that such a claim exists. To state a claim for retaliation, a plaintiff must allege that: (1) he engaged in activity protected by the Constitution; (2) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity; and (3) the treatment was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future. *Gomez v. Randle*, 680 F.3d 859, 866-67 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 555-56 (7th Cir. 2009). While Neal alleges he filed a grievance about the first conduct report, Neal did not allege in his complaint that Richardson's decision to impose a second conduct report against him was intended to punish him for any constitutionally protected activity; rather, as noted, Neal alleged that Richardson told him that he believed Neal had disobeyed orders. As such, the court did not err in declining to read a retaliation claim into Neal's complaint.

ORDER

IT IS ORDERED that plaintiff Perry R. Neal's motion for reconsideration (dkt. #17) is DENIED.

Entered this 13th day of September, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge